CALEB CHASE *et als. vs.* CHARLES F. COLLINS *et al.*

Aroostook.    Decided July 23, 1878.

*Poor debtor.    Bond.    Evidence.*

One of the conditions of a poor debtor's bond was that the debtor would "take the oath prescribed in the 28th section, of chapter 113 of the revised statutes," but no oath was prescribed by that section. *Held,* that the bond was not a statute bond, and that evidence was not admissible to show how the reference to a wrong section happened.

ON EXCEPTIONS.

DEBT on poor debtor's bond.

PLEA, *nil debet,* with brief statement that the bond was not a statute bond, because among its conditions was this, that the debtor would "take the oath prescribed in the 28th section of c. 113 of the R. S." The words "28th" were printed in the bond taken by the officer. The oath referred to was prescribed by the 28th section R. S. of 1857. In all other respects the bond conformed to the requirements of section 24, c. 113, R. S. 1871.

The plaintiffs introduced the execution on which the debtor was arrested, with officer's return thereon that the debtor "gave me the bond provided in the 24th section of the 113th chapter of the revised statutes." The plaintiffs also offered to show by the officer that he intended to take the bond provided for by section 24, c. 113, R. S., and that the words "28th" printed in the bond were left there unintentionally; but the presiding justice, by whom the case was tried without a jury, with the right to except, excluded the evidence, and ruled that the bond, on account of its reference to the oath in the 28th section, was invalid as a statute bond, but was a bond at common law, and assessed damages for the plaintiffs in the sum of $1.00; and the plaintiffs alleged exceptions.

*J. Mulholland,* for the plaintiffs.

*J. B. Hutchinson,* for the defendants.

APPLETON, C. J. This is an action of debt on a poor debtor's bond. Among the conditions there was one that the debtor

would "take the oath prescribed in the 28th section of chapter 113 of the revised statutes." But no oath is prescribed by § 28. The oath required to be taken when a bond is given under the provisions of § 24 is to be found in § 30.

The bond given is not therefore in conformity with the require-ments of § 24, and is not a statute bond. *Fales* v. *Dow,* 24 Maine, 211. *Hovey* v. *Hamilton,* 24 Maine, 451. *Woodman* v. *Valentine,* 24 Maine, 551.

The oath referred to was the one required by R. S. 1857, c. 113, § 28. The plaintiff offered to show that the words " 28th " were unintentionally left in the bond, and that the officer intended to take the bond required by R. S. 1871, c. 113, § 24, but the presiding justice excluded the evidence. The exclusion was right.

The mistake or accident is not one which is cured by R. S., c. 113, § 48. The penalty of the bond does not vary from the sum required by law.

The plaintiffs have judgment for the damages actually sustained, as assessed by the presiding justice at *nisi prius,* and with that they must be content.

*Exceptions overruled.*

WALTON, BARROWS, DANFORTH, PETERS and LIBBEY, JJ., concurred.